IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY SHANEE MALDONADO,<br><br>Plaintiff,<br><br>v.<br><br>JOE A. LIZARRAGA, et al.,<br><br>Defendants. | No. 2:19-CV-2176-TLN-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's complaint (ECF No. 1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names eight defendants: (1) Joe Lazarraga, (2) C. White, (3) J. Vierra, (4) R. Van Conett, (5) K. Estrada, (6) T. Meza, (7) M. Johnston, and (8) J. Dominguez.

Plaintiff's claims are ambiguous and difficult to decipher.  The bulk of plaintiff's complaint is against defendants White, Vierra, Van Connett, Estrada, Meza, and Johnston, alleging that defendants: abused their authority, caused plaintiff to suffer a mental health crisis, fabricated documents, deprived plaintiff of his personal property, and denied plaintiff's grievance appeals.  Except for fabricating documents, plaintiff alleges the same claims against defendant Lazarraga, the warden.  As for defendant Dominguez, he allegedly denied plaintiff's grievance filed on August 4, 2018 and plaintiff's subsequent appeal.  Other than the date given for defendant Dominquez's denial of plaintiff's grievance, plaintiff does not state any specific facts regarding any of his constitutional claims.

## II.  DISCUSSION

Plaintiff's complaint is vague, broad, and conclusory. As such, he fails to establish a connection between any defendant's conduct and the deprivation of a constitutional right.

### A.     **Causal Link**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

2

an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff makes vague and conclusory claims about each defendant violating plaintiff's constitutional rights without mentioning any of their individual roles or causal connection to the alleged violations.  Plaintiff claims that each defendant, except for defendant Dominguez, abused their respective positions of authority. However, plaintiff fails to mention how each defendant's position of authority relates a constitutional violation. The complaint is not clear as to any defendant's particular role in the alleged unconstitutional conduct, either as direct actors or as supervisors.  The ambiguity in the complaint comes from: (1) its word-for-word repetition of generic phrasing used in the claims against each individual defendant; and (2) and its lack of facts supporting those claims.  For example, claim II of the complaint states seven of the eight defendants "overrule [and] overlook cause [sic] patient [to suffer] a mental health crisis [which is] a mental disability [and] depriving patient from having access to personal legal property." ECF No. 1 at 5. However, plaintiff fails to provide factual context for these statements. Thus, plaintiff fails to state a cognizable claim under § 1983 because the complaint only includes these types of conclusory statements.

**B.      Grievance Process**

Prisoners have no stand-alone due process rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances.   Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly

1  process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863
2  (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address
3  grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL
4  29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process
5  a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967
6  (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function
7  properly failed to state a claim under § 1983). Prisoners do, however, retain a First Amendment
8  right to petition the government through the prison grievance process. See Bradley v. Hall, 64
9  F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in
10 certain circumstances, implicate the First Amendment.

11        Plaintiff claims defendant Dominguez, an appeals examiner, denied his grievance
12 appeal on August 4, 2018. See ECF No. 1 at 4. Plaintiff also claims that all other defendants
13 "denied patient to have access to second and third level to process grievance through legal state
14 procedures [and] refuse to exonerate [sic] [the] patient grievance." Id. at 6.  However, plaintiff
15 never states the subject of his grievance, nor the manner in which defendants allegedly denied his
16 grievance. Plaintiff's allegations here are equally vague and conclusory. Thus, plaintiff fails to
17 state a valid constitutional claim on these grounds as well.

18
19                                                  **III.  CONCLUSION**

20        Plaintiff fails to state any factual basis for his claims against all defendants.
21 Instead, plaintiff alleges general and conclusory claims that all defendants have committed some
22 vague form of abuse of power to deprive plaintiff of his personal property, due process rights, and
23 a right to appeal his grievances. Because it is possible that the deficiencies identified in this order
24 may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal
25 of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
26 Plaintiff is informed that, as a general rule, an amended complaint supersedes the original
27 complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following
28 dismissal with leave to amend, all claims alleged in the original complaint which are not alleged

1  in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).
2  Therefore, if plaintiff amends the complaint, the Court cannot refer to the prior pleading in order
3  to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint
4  must be complete in itself without reference to any prior pleading.  See id.

5        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
6  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
7  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
8  each named defendant is involved, and must set forth some affirmative link or connection
9  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
10 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

11       Finally, plaintiff is warned that failure to file an amended complaint within the
12 time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
13 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply
14 with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).
15 See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

16       Accordingly, IT IS HEREBY ORDERED that:
17       1.    Plaintiff's complaint is dismissed with leave to amend; and
18       2.    Plaintiff shall file a first amended complaint within 30 days of the date of
19 service of this order.

21 Dated:  June 18, 2020

                                                      DENNIS M. COTA
                                                      UNITED STATES MAGISTRATE JUDGE