IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY SHANEE MALDONADO, | No. 2:19-CV-2176-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JOE A. LIZARRAGA, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the court is Plaintiff's first amended complaint. See ECF No. 12.

The Court previously dismissed Plaintiff's original complaint with leave to amend because it was vague and conclusory. ECF No. 9. Plaintiff also had not stated a due process claim regarding the prison's administrative grievance process. Id. Plaintiff's first amended complaint largely suffers from the same defects as the prior complaint. See ECF No. 12. The Court dismisses the complaint with leave to amend.

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. SCREENING REQUIREMENT

The Court must screen complaints from prisoners seeking relief against a governmental entity, officer, or employee. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement of the claim that a plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Id. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiffs must demonstrate that each defendant personally participated in the deprivation of the plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not state a claim. Iqbal, 556 U.S. at 679. The complaint need not identify "a precise legal theory." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1038 (9th Cir. 2016).

The Court must construe a pro se litigant's complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). The Court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017).

///

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff is a state prisoner. See ECF No. 12 at 1. He names nine defendants: (1) the California Department of Corrections and Rehabilitation (CDCR); (2) Joe A. Lizarraga, warden of Mule Creek State Prison (MCSP); (3) C. White, an official at MCSP; (4) J. Vierra, an official at Pleasant Valley State Prison; (5) R. Van Codett, a correctional lieutenant at MCSP; (6) K. Estrada, an official at Lancaster State Prison (LSP); (7) T. Meza, an official at LSP; (8) M. Johnston, a correctional counselor at MCSP; and (9) J. Dominguez, a CDCR official. Id. at 1–3.

Plaintiff's first amended complaint is mostly impenetrable and accordingly difficult to summarize. See id. at 4–6. He alleges that Defendants have violated his First and Eighth Amendments rights. See id. The amended complaint, however, appears to be substantially similar to his first complaint. See id.; see also ECF No. 1. The thrust of the amended complaint is that Plaintiff believes Defendants abused their authority and the administrative system, violated California state law, fabricated documents, engaged in racial and antisemitic discrimination, caused him to suffer a mental crisis, deprived Plaintiff of his personal property, and denied Plaintiff's grievance appeals. ECF No. 12 at 4–6. Plaintiff's allegations are conclusory and lack clear, specific facts supporting them. See id. There is no sure way to tell what Plaintiff alleges was done by each Defendant.

## III. DISCUSSION

Plaintiff does not state any viable complaint under § 1983. The first amended complaint is near-incoherent, and makes only vague, sweeping conclusions. As discussed below, the Court will grant Plaintiff leave to amend to establish the requisite links between Defendants alleged conduct and claim deprivations. The Court cannot, however, grant Plaintiff leave to amend his claims against CDCR because that agency is shielded by sovereign immunity.

**A. Causal Link:**

Although the court has deciphered the broad allegations above—for example, that Defendants abused their authority—it is unclear exactly what specific conduct Plaintiff alleges violated his constitutional rights. Plaintiff has failed to establish a connection between any Defendant's conduct and an alleged deprivation.

Section 1983 provides a remedy for the violation of constitutional and federal statutory rights by a person acting under the authority of state law. 42 U.S.C. § 1983; see, e.g., Sampson v. County of Los Angeles, 974 F.3d 1012, 1018 (9th Cir. 2020); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Section 1983, however, is not itself a source of substantive rights. Albright v. Oliver, 510 U.S. 266, 271 (1994); Sampson, 974 F.3d at 1018; Hall, 697 F.3d at 1068. Rather, § 1983 is a vehicle for vindicating rights "elsewhere conferred." Sampson, 974 F.3d at 1018.

To state a claim under § 1983, Plaintiff must allege (1) a deprivation of his constitutional rights or federally protected rights and (2) that the defendant's actions were taken under color of state law. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 921 (9th Cir. 2011); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006); see Sampson, 974 F.3d at 1018; Hall, 697 F.3d at 1068. Plaintiff, in other words, must plausibly allege that he suffered a violation of a federally protected right and that a person acting under color of state law *committed* that violation. See, e.g., Sampson, 974 F.3d at 1018; Long, 442 F.3d at 1185.

A person deprives another of a constitutional right within § 1983's meaning if they take an affirmative action, participates in another person's affirmative action, or fails to take an action that they are legally required to take and that causes the alleged deprivation. Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007); see Lacey v. Maricopa Cty., 693 F.3d 896, 915 (9th Cir. 2012). Personal participation, however, is only one predicate for liability under § 1983. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see Lacey, 693 F.3d at 915. "The requisite causal connection may [also] be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.3d at 743). This standard of causation resembles the typical "foreseeability" formulation of proximate cause. Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

In sum, there can be no § 1983 liability unless there is an adequate link or connection between a defendant's actions and the claimed deprivation. See, e.g., Arnold, 637 F.2d at 1355;

1  Johnson, 588 F.2d at 743; see also Harper, 533 F.3d at 1026. A plaintiff must show that a defendant
2  was the actionable cause of a claimed injury. Harper, 533 F.3d at 1026. Vague and conclusory
3  allegations of official participation in a civil rights violation are unsatisfactory. Litmon v. Harris,
4  768 F.3d 1237, 1241 (9th Cir. 2014); Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

        The Court will grant Plaintiff leave to amend his complaint to satisfy the standards above and establish adequate links between Defendants' conduct and a violation of his rights.

**B. Immunity:**

        Plaintiff names the California Department of Corrections as a defendant, which is something he did not do in his original complaint. See ECF Nos. 1, 12. CDCR, however, is immune from suit in federal court.

        The Eleventh Amendment provides that the "[j]udicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. Generally, the Eleventh Amendment precludes federal courts from exercising jurisdiction over suits by individuals against a State and its instrumentalities. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97–100 (1984); Doe v. Regents of the Univ. of Cal., 891 F.3d 1147, 1153 (9th Cir. 2018); see Allen v. Cooper, 140 S. Ct. 994, 1000 (2020); Maldonado v. Johnson, No. CV 19-5312-JVS (SP), 2021 WL 1152889, at *2 (C.D. Cal. Feb. 12, 2021).

        There are a few exceptions to that rule. See, e.g., Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985); Holley v. Cal. Dep't Corrs., 599 F.3d 1108, 1111 (9th Cir. 2010); Douglas v. Cal. Dep't of Youth Auth., 271 F.3d 812, 817–18 (9th Cir. 2001). States can consent to suit and waive immunity. Sossamon v. Texas, 563 U.S. 277, 283–85 (2011); Pennhurst, 465 U.S. at 99; Holley, 599 F.3d at 1111; Maldonado, 2021 WL 1152889, at *2. Congress may abrogate States' immunity. See Coleman v. Court of Appeals of Md., 566 U.S. 30, 35 (2012); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55–56 (1996); Pennhurst, 465 U.S. at 99; Holley, 599 F.3d at 1111; Maldonado, 2021 WL 1152889, at *2. And parties may sue state officials for prospective injunctive relief. See Seminole Tribe, 517 U.S. at 73; Doe, 891 F.3d at 1153; Krainski v. Nevada ex rel. Bd. of Regents, 616 F.3d 963, 967–68 (9th Cir. 2010); Douglas, 271 F.3d at 817–18.

Section 1983 does not override States' sovereign immunity. E.g., Will v. Mich. Dep't of State Police, 491 U.S. 58, 67, 71 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent."). Moreover, immunity extends to arms of the State, like state agencies. Crowe v. Oregon State Bar, 989 F.3d 714, 730 (9th Cir. 2021); Brown v. Cal. Dep't Corr., 554 F.3d 747, 752 (9th Cir. 2009); Durning v. Citibank, N.A., 950 F.2d 1419, 1423 (9th Cir. 1991); see Pennhurst, 465 U.S. at 100.

California has consented to some suit in its own courts, such as under the California Torts Claims Act. See, e.g., Maldonado, 2021 WL 1152889, at *2. But California has not waived its immunity in federal court. E.g., Brown, 554 F.3d at 752; Dittman v. California, 191 F.3d 1020, 1025–26 (9th Cir. 1999); see also Atascadero, 473 U.S. at 241. Arms of the State of California thus share in California's immunity absent waiver. See, e.g., Crowe, 989 F.3d at 730; Durning, 950 F.2d at 1423; Frisby v. California, No. 1:20-cv-00228-DAD-GSA-PC, 2021 WL 2983144, at *3 (E.D. Cal. July 15, 2021); see also Brown, 554 F.3d at 752. CDCR is an arm of the State of California. E.g., Brown, 554 F.3d at 752; Smith v. Richardson, No. 2:19-cv-1605 TLN AC P, 2021 WL 1784843, at *2 (E.D. Cal. May 5, 2021); Love v. Salinas, No. 2:11–cv–00361–MCE–KKN, 2011 WL 2620453, at *3–4 (E.D. Cal. July 2, 2011); see Alabama v. Pugh, 438 U.S. 781, 781–82 (1978).

Accordingly, because CDCR is an arm of the state, sovereign immunity protects it from suit. California has not waived immunity. Plaintiff's claims against CDCR cannot proceed. As mentioned above, Plaintiff may still attempt to amend his complaint to state other, viable claims.

## IV. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended

complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, Plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the following choices: (1) Plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the Court will address the remaining claims; or (2) Plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the Court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 12) is dismissed with leave to amend.

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: August 23, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE