1
2
3
4
5
6
7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 BILLY RAY SHANEE MALDONADO,                No. 2:19-CV-2176-TLN-DMC-P

12                Plaintiff,

13        v.                                                  ORDER

14 JOE A. LIZARRAGA,

15                Defendant.

16

17        Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C.

18 § 1983. Before the court is Plaintiff's second amended complaint. See ECF No. 17.

19                              **I. SCREENING REQUIREMENT**

20        The Court must screen complaints from prisoners seeking relief against a

21 governmental entity, officer, or employee. See 28 U.S.C. § 1915A(a). The court must identify any

22 cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to

23 state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

24 immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

25        A complaint must contain a short and plain statement of the claim that a plaintiff is

26 entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must provide "enough facts to state a claim

27 to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

28 Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

1

of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. <u>Id.</u> at 678–79; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiffs must demonstrate that each defendant personally participated in the deprivation of the plaintiff's rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not state a claim. <u>Iqbal</u>, 556 U.S. at 679. The complaint need not identify "a precise legal theory." <u>Kobold v. Good Samaritan Reg'l Med. Ctr.</u>, 832 F.3d 1024, 1038 (9th Cir. 2016).

The Court must construe a pro se litigant's complaint liberally. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam); <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)). The Court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Hayes v. Idaho Corr. Ctr.</u>, 849 F.3d 1204, 1208 (9th Cir. 2017).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff lists several defendants in the caption. However, Plaintiff only lists two defendants in the "Defendants" section of his complaint, namely: (1) Joe A. Lizarraga, warden of Mule Creek State Prison (MCSP); and (2) J. Dominguez, a CDCR official. ECF No. 17, pgs. 2-3.

The following is the Court's attempt in transcribing Plaintiff's claim:

On August 4, 2018 Patient file CDCR grievance for last missing person religious property. Patient was delivered of property CDCR staff [correctional officer] allowed a violation of department rules by state law scrutiny, enforcement of judgment CDCR [correctional officer] Joe A. Lizarraga, under the uniform code of conduct. CDCR [correctional officer] state employees abuse [] judgment. All CDCR [correctional officer] defendants misuse abuse their power of authority by law, abusment of patient personal

1   property.

2          The office of Joe A. Lizarraga at MCSP [] to cover up
[] acts by officers who loved the property dispersing patient personal
3   thing to inmates portars CDCR [correctional officer] [] magazines
legal envelopes, patient was in a mental health crisis that retaliation
4   by CDCR [correctional officer] of medical physical health condition
abusement of of state law.

5

6          CDCR [correctional officer] Joe A. Lizarraga allowed
CDCR [correctional officer] appeals coordinators to fabricate
7   statements by conspiracy to cause harms ways by state law of
California . [].

8   Id. at 3 (errors in original).

9                          **III. DISCUSSION**

10          Plaintiff does not state a viable claim under § 1983. The second amended complaint

11   is mostly impenetrable and difficult to summarize. See id. at 3. There is no sure way to tell what

12   Plaintiff alleges.

13          Section 1983 provides a remedy for the violation of constitutional and federal

14   statutory rights by a person acting under the authority of state law. 42 U.S.C. § 1983; see, e.g.,

15   Sampson v. County of Los Angeles, 974 F.3d 1012, 1018 (9th Cir. 2020); Hall v. City of Los

16   Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Long v. County of Los Angeles, 442 F.3d 1178,

17   1185 (9th Cir. 2006). Section 1983, however, is not itself a source of substantive rights. Albright

18   v. Oliver, 510 U.S. 266, 271 (1994); Sampson, 974 F.3d at 1018; Hall, 697 F.3d at 1068. Rather, §

19   1983 is a vehicle for vindicating rights "elsewhere conferred." Sampson, 974 F.3d at 1018.

20          To state a claim under § 1983, Plaintiff must allege (1) a deprivation of his

21   constitutional rights or federally protected rights and (2) that the defendant's actions were taken

22   under color of state law. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 921 (9th

23   Cir. 2011); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006); see Sampson, 974 F.3d at

24   1018; Hall, 697 F.3d at 1068. Plaintiff, in other words, must plausibly allege that he suffered a

25   violation of a federally protected right and that a person acting under color of state law *committed*

26   that violation. See, e.g., Sampson, 974 F.3d at 1018; Long, 442 F.3d at 1185.

27   / / /

28   / / /

3

A person deprives another of a constitutional right within § 1983's meaning if they take an affirmative action, participates in another person's affirmative action, or fails to take an action that they are legally required to take and that causes the alleged deprivation. Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007); see Lacey v. Maricopa Cty., 693 F.3d 896, 915 (9th Cir. 2012). Personal participation, however, is only one predicate for liability under § 1983. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see Lacey, 693 F.3d at 915. "The requisite causal connection may [also] be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.3d at 743). This standard of causation resembles the typical "foreseeability" formulation of proximate cause. Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

In sum, there can be no § 1983 liability unless there is an adequate link or connection between a defendant's actions and the claimed deprivation. See, e.g., Arnold, 637 F.2d at 1355; Johnson, 588 F.2d at 743; see also Harper, 533 F.3d at 1026. A plaintiff must show that a defendant was the actionable cause of a claimed injury. Harper, 533 F.3d at 1026. Vague and conclusory allegations of official participation in a civil rights violation are unsatisfactory. Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014); Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The Court will grant Plaintiff leave to amend his complaint to satisfy the standards above and establish adequate links between a Defendant's conduct and a violation of his rights. The Court urges that Plaintiff ensure his complaint is legible and intelligible.

## IV. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to

amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

    If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

    Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

    Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's second amended complaint is dismissed with leave to amend; and

    2. Plaintiff shall file a third amended complaint within 30 days of the date of service of this order.

Dated:  April 6, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5