1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    BILLY RAY SHANEE MALDONADO,              No.  2:19-CV-02176-TLN-DMC-P

12                      Plaintiff,

13            v.                                FINDINGS AND RECOMMENDATIONS

14    JOE A LIZARRAGA, et al.,

15                      Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983. Before the court is Plaintiff's third amended complaint. See ECF No. 20.

19            The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was

22    initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel.

23    Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or

24    portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

25    be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See

26    28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that

27    complaints contain a ". . . short and plain statement of the claim showing that the pleader is

28    entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

                                                    1

1   concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to

2   Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice

3   of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121,

4   1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity

5   overt acts by specific defendants which support the claims, vague and conclusory allegations fail

6   to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening

7   required by law when the allegations are vague and conclusory.

8

9                      **I.  PLAINTIFF'S ALLEGATIONS**

10        Plaintiff brings claims against (1) Joe A. Lizarraga, warden; (2) C. White, J. Vierra

11   (spelled J. Ierra in the caption but J. Vierra under "Statement of Claim"), appeals official; (4) R.

12   Van Codett, appeals official; (4) K. Estrada, appeals official; (5) T. Meza, appeals official; and

13   (6) M. Johnston, appeals official. ECF No. 20. at 1.  Those individuals are each listed above the

14   "Names of all Defendants" caption on page 1. Id. However, under "defendants" on page 2 and

15   "additional defendants" on page 3, Plaintiff lists (1) Joe A Lizarraga, warden; and (2) "J.

16   Dominguez State Official Appeals Office at Sacramento Branch, the hiring authority of the

17   institution Joe A. Lizarraga at Mule Creek State Prison."

18        Plaintiff's claim is then presented as follows:

19         1. Defendant Joe A. Lizarraga, violation of department rules enforcement
            of a deficiencies under state law.
20         2. Defendant C. White, violation of department rules enforcement of a
            deficiencies under state law scrutiny.
21         3. Defendant J. Vierra, violation of department rules enforcement of a
            deficiencies under state law scrutiny.
22         4. Defendant R. Vap Codett, violation of department rules enforcement of
            a deficiencies under state law scrutiny.
23         5. Defendant R. Estrada, violation of department rules enforcement of a
            deficiencies under state law scrutiny.
24         6. Defendant T. Meza, violation of department rules enforcement of a
            deficiencies under state law scrutiny.
25         7. Defendant M. Johnston, violation of department rules enforcement of a
            deficiencies under state law scrutiny.
26         8. Defendant J. Dominguez, a state official who allowed appeals
            coordinators enforcement of deficiencies under state law scrutiny
27         participated and all state officials. There were no errors by state law (1)
            that a right secured by the constitution or laws of the United States was
28         violated and (2) that the alleged violation was committed by a person

acting <u>unintelligible</u> color of state law. Professional negligence by state officials who are COC peace officers in the state of California[] at Mule Creek State Prison.

ECF No. 20, pg. 3

## II.  DISCUSSION

Plaintiff does not state a viable claim under § 1983.  Viable allegations cannot be vague and conclusory. Plaintiff's claims allege violations of state law and the Constitution, but they do not identify what acts were taken that resulted in the deprivation of rights.  A complaint must "give[] the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  <u>See</u> <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996).  Plaintiff must also identify what actions were taken that caused him injury.  <u>See</u> <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010, 1026 (9th Cir. 2008).  Here, Plaintiff's complaint offers neither the Defendants nor the Court any understanding of the basis of the claims.

The Court notes that the same defects were identified with respect to Plaintiff's original complaint, first amended complaint, and second amended complaint.  <u>See</u> orders at ECF Nos. 9, 14, and 19.  Plaintiff has thus been advised on three separate occasions as to the defects in his pleadings and the appropriate standards with which he must comply.  Nonetheless, Plaintiff appears either unwilling or unable to adequately amend to state a cognizable claim against any of the named defendants.  The Court, therefor, is unwilling to provide Plaintiff further opportunities to amend and now recommends dismissal of this action for failure to state a claim.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


Dated:  July 20, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE